IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case Number 3:15cr25/MCR

TIMOTHY S. FAIRCLOTH
_____/

### FACTUAL BASIS FOR GUILTY PLEA

The defendant admits that if this case were to proceed to trial, the government could prove the following facts.

On November 4, 2014, Special Agent (SA) Clark with the Department of Homeland Security conducted an online investigation into the possession and distribution of child pornography. Using software to locate IP addresses publicly sharing videos and images of child pornography on the uTorrent network, SA Clark located IP address 99.114.181.96 from which a user was advertising and offering to share, as well as attempting to receive, child pornography. SA Clark determined that, from at least March 8, 2014, and continuing until January 27, 2015, a computer(s) utilizing the IP address was receiving and attempting to receive video and image files that were consistent with child pornography (based on the SHA1 values), and some of the child pornography files were downloaded on more than one occasion. The child pornography files were being shipped in interstate and foreign commerce using the internet. On November 6, 2014, AT&T indicated that the IP address was assigned to the defendant's address located in Pace, Florida.

On January 27, 2015, SA Clark executed a federal search warrant on the



defendant's residence in Pace, Florida.  After waiving his *Miranda* rights, the defendant admitted to receiving and viewing child pornography from the internet.  He told investigators he used the search terms "young," "preteen," and "underage" to locate child pornography on the uTorrent network.  The defendant told agents after viewing the child pornography he would delete the files.  SA Clark seized a tablet and desktop computer from the defendant's residence and discovered the defendant gave two laptop computers to a computer repairman in December 2014 because they were too expensive to repair.  The agents interviewed the computer repairman and seized the computers with his consent.

A forensic review of the defendant's computers was conducted and approximately 30 graphics image files consistent with child pornography were located on the defendant's desktop and laptop computers, including images of children who had not attained the age of 12 years.  The file attributes report these files having MAC dates and times which range between approximately November 27, 2014, and December 6, 2014.  Also, web links and other recovered website content file artifacts indicate the computers were used to access websites and urls with content (preteen and underage k!dz uncensored) and file names (preteen) which are consistent with materials exploiting minor children.

### ELEMENTS OF THE OFFENSE

Eleventh Circuit Pattern Jury Instructions (2010) - Criminal, Offense Instr. No. 83.4A has been reviewed by the defendant along with his defense counsel.

*Count One* - ECCA Pattern Jury Instruction 83.4A

It's a Federal crime to knowingly [receive] [distribute] any child pornography that has been [transported] [shipped] [mailed] in interstate or foreign commerce, including by computer.

2

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant knowingly received an item or items of child pornography;

2. the item[s] of child pornography had been [transported] [shipped] [mailed] in interstate or foreign commerce, including by computer; and

3. when the Defendant received the item[s], the Defendant believed the item[s] [was] [were] [contained] child pornography.

JOHN WILKINS
Attorney for Defendant

June 17, 2015
Date

TIMOTHY S. FAIRCLOTH
Defendant

June 17, 2015
Date

PAMELA C. MARSH
United States Attorney

JEFFREY M. THARP
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 45066
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

6/19/2015
Date

3